IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GENARO GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-10-CV-406-KC |
| | § | |
| SWIFT TRANSPORTATION CO., | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered "Plaintiff's Motion to Remand" ("Motion"), ECF No. 2. For the reasons set forth herein, the Motion is **DENIED**.

**I.   BACKGROUND**

On September 8, 2010, Plaintiff filed suit in County Court at Law Number Three in El Paso County, Texas, alleging retaliation and disability discrimination against Swift Transportation Co. in violation of Chapter Twenty One of the Texas Labor Code. Pl.'s Mot. to Remand Ex. A ("Plaintiff's Original Petition"), at 1-2, ECF No. 4. In his petition, Plaintiff claims to have suffered, among other damages, "[s]evere mental and emotional distress and anguish in the past and severe mental and emotional distress and anguish in the future; severe anxiety and depression which has been debilitating and devastating." *Id.* at 3. Plaintiff further seeks attorneys' fees and punitive damages. *Id.* The last sentence in the damages section of Plaintiff's petition states, "Plaintiff seeks damages not to exceed $74,000 exclusive of costs and interest." *Id.*

In the section entitled, "Prayer," Plaintiff requests "[j]udgment against Defendant for actual damages in an amount that is within the jurisdictional limits of this Court, in an amount not to exceed seventy-four thousand dollars ($74,000) exclusive of costs and interest . . . [p]unitive damages; [and] [a]ttorney fees." *Id.* at 4. Then, Plaintiff once again states that he "does not seek damages in excess of $74,000 exclusive of costs and interest in this lawsuit." *Id.*

On November 3, 2010, Defendant removed the instant case to this Court, stating that the Court had subject-matter jurisdiction via diversity jurisdiction. Notice of Removal 2, ECF No. 1. On December 2, 2010, Plaintiff filed the instant Motion. Mot. 1. Attached to the Motion, Plaintiff submitted an affidavit of Mr. Roger C. Davie, Plaintiff's counsel. Mot. Attach. 1 ("Affidavit"). In the Affidavit, Mr. Davie states that at the time of removal, the amount in controversy did not meet or exceed $75,000, the federal jurisdictional minimum. Aff. 1. He further states that Plaintiff authorized him to enter into a binding stipulation in which Plaintiff will agree that he is precluded from recovering more than the federal jurisdictional minimum in this case if awarded such an amount. Aff. 2.

## II.     DISCUSSION

### A.     Standard

A defendant may remove a case to the federal district court in the division embracing the place where such action is pending in state court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. *Id.* § 1447(c). Where the jurisdiction of the court is challenged, the burden is on the party seeking to preserve the district court's removal jurisdiction. *Frank v. Bear Stearns & Co.*, 128

F.3d 919, 921-22 (5th Cir. 1997); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

    **B.**    **Motion to Remand**

In his Motion, Plaintiff argues that, since the amount in controversy is less than $75,000, there is no diversity jurisdiction and therefore the Court lacks subject matter jurisdiction to hear the case. Mot. 4-8.

This Court has jurisdiction over removed cases where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where a plaintiff challenges the amount in controversy, a defendant meets his burden of establishing diversity jurisdiction by showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). A defendant may show that the amount in controversy exceeds $75,000 either by: "(1) demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).

If a defendant meets this burden, a plaintiff may still defeat removal and demonstrate a lack of diversity jurisdiction by showing to a legal certainty that the amount in controversy in fact does not exceed $75,000. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009). However, this is not a burden shifting exercise; rather, a "plaintiff must make all information

known at the time he files his complaint." *Id.* (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). Neither party challenges diversity of citizenship, and Defendant offers no facts to establish the requisite jurisdictional amount. Therefore, the Court confines its analysis to whether it is facially apparent that plaintiff's claims exceed $75,000.

### 1.     Facially apparent

Plaintiff argues there is a split within the Fifth Circuit regarding when it is "facially apparent" from a plaintiff's petition that the amount in controversy exceeds $75,000. Mot. 4-6. Plaintiff cites *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992), for the proposition that a plaintiff must make "a specific allegation that damages are in excess of the federal jurisdictional amount" in order for a case to be removable based on the pleadings. However, *Chapman* is inapposite to this case. In *Chapman*, the Fifth Circuit addressed when the thirty day time limit in which a defendant must remove a case begins to run. *Id.* at 162. Yet the instant case has a different procedural posture.

Here, the Court is confronted with the issue of whether it is facially apparent from Plaintiff's Original Petition that the amount in controversy exceeds the federal jurisdictional minimum. As such, the more relevant authority shows that it can be facially apparent from a plaintiff's petition that the amount in controversy exceeds $75,000, whether a plaintiff expressly pleads an amount above $75,000 or not. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("where a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount")); *De Aguilar*, 47 F.3d at 1408-12; *Bosky v. Kroger Tex., LP*,

288 F.3d 208, 210 (5th Cir. 2002) (citing *Marcel v. Pool Co.*, 5 F.3d 81, 82-85 (5th Cir. 1993) ("specific damages estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable")). Therefore, the fact that Plaintiff did not specifically request an amount greater than the jurisdictional requirement does not dispose of this case.

Plaintiff contends that the $74,000 figure quoted in the petition must control this case, and that therefore it is not facially apparent that the amount in controversy exceeds $75,000. Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Remand ("Reply") 2-5, ECF No. 5. To support this contention, Plaintiff cites *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). *Id.* at 1-2. However, *St. Paul* does not require this Court to accept Plaintiff's $74,000 estimate of damages. *St. Paul* states, in relevant part, "*unless the law gives a different rule*, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." 303 U.S. at 288-89 (emphasis added). Texas law prohibits Plaintiff from alleging a specific amount of damages in his original petition. Tex. R. Civ. P. 47(b) ("an original pleading which sets forth a claim for relief . . . shall contain (b) in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court"). As such, Plaintiff's explicit limitation of damages to $74,000 violates Rule 47, *De Aguilar*, 47 F.3d at 1407, and so the Court is not bound by that sum.

Courts in the Fifth Circuit have treated requests for damages such as that made by Plaintiff for a sum "not in excess" of a specified amount just below the jurisdictional minimum as either a request for that specific sum, *De Aguilar*, 47 F.3d at 1408 (treating an averment that the plaintiff sought damages "not in excess of $50,000" as a request for $50,000 in damages), or

as a nullity. *Salomon v. Wells Fargo Bank, N.A.*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *5 (W.D. Tex. June 21, 2010) (courts may disregard a plaintiff's request for a sum certain); *see also De Aguilar*, 47 F.3d at 1412-13. Under either approach, the Court holds that it is facially apparent that the amount in controversy more likely than not exceeds $75,000.

### a.     Request for a sum certain

If Plaintiff's request to limit damages to $74,000 is viewed as a request for $74,000 in damages, then Defendant meets his burden of showing by a preponderance of the evidence that it is facially apparent that the amount in controversy exceeds $75,000. In Plaintiff's Original Petition, Plaintiff seeks actual damages amounting to $74,000, punitive damages, and attorneys' fees, among other damages. Pl.'s Original Pet. 4. Punitive damages and attorneys' fees are included in calculating the amount in controversy since the statute under which Plaintiff seeks recovery, Chapter Twenty One of the Texas Labor Code, allows for recovery of punitive damages and attorneys' fees. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney-Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) (where statute awards attorneys' fees, those fees are included in calculating the amount in controversy); Tex. Lab. Code Ann. § 21.259 (West 2011) (allowing recovery of attorneys' fees); *Greenberg*, 134 F.3d at 1253 & n.7 (punitive damages are included in the amount in controversy since statute allows for such damages); Tex. Lab. Code Ann. § 21.2585(a)(2) (West 2011) (allowing recovery of punitive damages).

It is certainly more likely than not that attorneys' fees added to punitive damages will exceed $1,000, which, when added to the $74,000 requested in actual damages, meets the jurisdictional threshold. Since Defendant is an employer with over 500 employees, Notice of Removal Ex. 1, punitive damages may be awarded, according to statute, in an amount up to

$300,000.  Lab. § 21.2585(d)(3).  Therefore, treating Plaintiff's explicit $74,000 limit on damages as a request for $74,000 in damages, it is facially apparent that the amount in controversy more likely than not exceeds $75,000.

### b. Nullity

Disregarding Plaintiff's numerical request for damages "not in excess of $74,000," it is still facially apparent that the amount in controversy more likely than not exceeds $75,000.  The Fifth Circuit has held that an extensive list of damages, absent numerical specification, can meet the threshold for "facially apparent" where the plaintiff seeks compensatory damages for lost pay, front pay, loss of wage earning capacity, harm to reputation, mental anguish and emotional distress, punitive damages, attorneys' fees, and interest.  *White*, 319 F.3d at 674-76.  This Court has held the same, specifically finding "a mere recitation of an extensive list of damages in an employment matter may suffice to affirmatively reveal that the amount in controversy will likely exceed the jurisdictional minimum."  *Salomon*, 2010 WL 2545593, at *5.  In *Salomon*, this Court found that the extensive list of damages combined with the $300,000 statutory cap on damages sufficed to put the defendant on notice that the case was removable; in other words, that the extensive list of damages made it facially apparent that the amount in controversy exceeded the jurisdictional minimum despite the plaintiff's failure to specifically quantify his damages.  *Id.* at 5-7.

Here, Plaintiff seeks the same categories of damages as in *White*.  *See* Pl.'s Original Pet. 3-4.  Furthermore, Plaintiff seeks damages for "*severe* mental and emotional distress and anguish in the past and *severe* mental and emotional distress and anguish in the future," in addition to "*severe* anxiety and depression which has been *debilitating and devastating*."  *Id.* at 3 (emphasis

added). Not only does Plaintiff cite an extensive list of damages, which have been held to constitute facial apparentness for purposes of establishing the amount in controversy, but Plaintiff also plainly pleads "severe" damages. Therefore, this Court finds that disregarding the $74,000 damages figure, it is facially apparent from Plaintiff's Original Petition that the amount in controversy exceeds $75,000.

In sum, whether the Court treats Plaintiff's Original Petition as a request for $74,000 of damages or disregards that figure, Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### 2.     Post-removal affidavit to establish legal certainty

However, Plaintiff may still defeat removal by showing to a legal certainty that the amount in controversy does not in fact exceed $75,000. *In re 1994 Exxon Chem. Fire*, 558 F.3d at 387. The affidavit by Plaintiff's counsel attached to the Motion states that the amount in controversy did not exceed $75,000 at the time of removal and that Plaintiff will reject any amount awarded beyond $75,000. Aff. 1-2. Plaintiff appears to argue that this establishes to a legal certainty that the amount in controversy does not exceed the jurisdictional minimum. Reply 5.

Plaintiff is mistaken. A "plaintiff must make all information known at the time he files his complaint," *In re 1994 Exxon Chem. Fire*, 558 F.3d at 387, but Plaintiff submitted this affidavit after removal. Where, as here, "it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul*, 303 U.S. at 292;

*Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *overruled on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998); *Allen*, 63 F.3d at 1336; *De Aguilar*, 47 F.3d at 1407). In *Gebbia*, the Fifth Circuit found "[b]ecause it was facially apparent that Plaintiff's claimed damages exceeded $75,000, the district court properly disregarded Plaintiff's post-removal affidavit and stipulation for damages less than $75,000, and such affidavit and stipulation did not divest the district court's jurisdiction." *Id.* Given that it is facially apparent that Plaintiff's claimed damages exceed $75,000, the Court will similarly disregard Plaintiff's post-removal affidavit. Plaintiff has therefore failed to show to a legal certainty that the amount in controversy does not exceed $75,000.

### 3. *Dow Quimica* per se insufficient evidence

Plaintiff argues that, pursuant to the per se insufficient evidence rule announced in *Dow Quimica*, the Motion should be granted. In *Dow Quimica*, the Fifth Circuit held,

> Without purporting to resolve the question of the removing party's burden in all situations, we hold that at least where the following circumstances are present, that burden has not been met: (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $50,000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

*Dow Quimica*, 988 F.2d at 566.

However, the per se insufficient rule does not apply to the instant case. As for the first prong of the test, whether the complaint stated an amount for damages or whether that amount is disregarded, it is facially apparent that the damages sought are above the jurisdictional

requirement of $75,000. Since all three factors are required for the per se insufficient evidence rule to apply, the Court need not address factors two and three having found that the first requirement has not been satisfied. Therefore, *Dow Quimica* does not require a finding that Defendant has presented per se insufficient evidence to establish the necessary amount in controversy to sustain federal jurisdiction.

### 4.     Bad faith

Finally, Plaintiff argues in the Reply that Defendant has failed to rebut the affidavit submitted with the Motion and that Plaintiff's Original Petition requesting damages "not in excess of $74,000" was not made in bad faith. Reply 1-5. As a result, Defendant filed a motion for leave to file a sur-reply in order to address these two arguments. Def.'s Unopposed Mot. for Leave to File Sur-Reply to Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Remand ("Leave for Sur-Reply"), ECF No. 6. However, having already ruled that the post-removal affidavit is properly disregarded, whether Defendant rebuts that affidavit is irrelevant to the disposition of the Motion. In addition, since it is facially apparent that the amount in controversy exceeds $75,000, regardless of whether Plaintiff's express limitation is considered a demand for a sum certain or whether that limitation is disregarded, the good faith or bad faith nature of that demand is similarly irrelevant to the disposition of the Motion. Therefore, Defendant's Leave for Sur-Reply is **DENIED**.

## III.    CONCLUSION

Defendant has met his burden of showing by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. Plaintiff has failed to prove otherwise. As a result, the Motion, ECF No. 2, is **DENIED**. Furthermore, Defendant's Leave for Sur-

Reply, ECF No. 6, is **DENIED.**

    **SO ORDERED**.

    **SIGNED** on this 28th day of January, 2011.

                                    */s/ Kathleen Cardone*
                                  KATHLEEN CARDONE
                                  UNITED STATES DISTRICT JUDGE